6/26/2025 10:52 AM
25CV38057

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| CECIL ALDRICH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation, dba COSTCO WHOLESALE,<br><br>　　　　　Defendant. | Case No.<br><br>COMPLAINT – Negligence<br><br>Claim for $350,000.00<br><br>Not Subject to Mandatory Arbitration<br><br>Filing Fee Authority: ORS 21.160(1)(c) |

Cecil Aldrich (hereinafter "Plaintiff") by and through his attorney S. Matthew Lind, for his claims against Costco Wholesale Corporation (hereinafter "Defendant") alleges as follows:

1.

The amount presently in controversy exceeds the sum of $50,000.00; and, therefore, the present action is not subject to mandatory arbitration.

2.

At all times material herein, Defendant was and is a Washington State corporation licensed to conduct business and which does conduct regular and sustained business activity in the county of Multnomah, State of Oregon. Defendant operated a retail store using the assumed business name of Costco Wholesale.

3.

On or about June 30th, 2023, Plaintiff was a business invitee who was shopping at Defendant's store using the assumed business name of Costco Wholesale located at 3075 Hamrick Rd, Central Point, OR 97502. While in the store, Plaintiff walked by the ice cooler which was being restocked by an employee, Plaintiff slipped on the wet floor surface and fell to the ground sustaining injuries.

4.

At all material times herein, Defendant was in control of the premises and interior of their store. At all material times herein, Defendant knew or should have know that the ice cooler area posed an unreasonable risk of harm to patrons due to the continuous problem of water collecting on the ground from patrons retrieving ice from the cooler and employees restocking the cooler with ice. The wet floor surface created an unreasonable slip risk for patrons.

5.

At no time did Defendant or their employees verbally warn Plaintiff of any dangerous conditions known by Defendant to exist within the store at which Plaintiff was an invitee. At no time during Plaintiff's time at the restaurant did Defendant inform Plaintiff or disclose to Plaintiff the known dangerous conditions in the store. There were no absorbent rugs, mats, or warning signs to put patrons on notice of this known dangerous condition

//
//
//

6.

The cause of Plaintiff's fall and resulting injury was due to the negligence of Defendant in one or more of the following ways:

(a) Failure to warn their invitees of the dangerous wet floor surface near the ice cooler with "wet floor" signs, or other "hazard" signs;

(b) Failure to install absorbent rugs or mats that could have prevented Plaintiff's injuries by keeping the area free of slick water;

(c) Failure of their employees to mention to Plaintiff the dangerous wet floor condition that they knew or should have known about;

(d) Failure of their employees to maintain a look-out for standing water and clean it up;

(e) Failure of their employees to maintain the area with a mop or towel.

7.

As a direct and proximate result of the acts and omissions of Defendant, Plaintiff slipped on the wet floor and suffered serious injuries, some of which may be permanent, including but not limited to:

(a) Tear of left gluteus medius tendon
(b) Tear of left hamstring muscle
(c) Left knee pain
(d) Left hip pain
(e) Right shoulder pain

8.

As a direct and proximate result of Defendant's negligence as aforementioned, Plaintiff has incurred physical injuries, some of which may be permanent, resulting in medical treatment, which has created an amount in medical billing to be determined but not to exceed $20,000.00. Plaintiff reserves the right to amend the amount of damages to conform to the evidence presented at trial.

9.

As a direct and proximate result of Defendant's negligence as aforementioned, Plaintiff suffered injuries that resulted in wage loss and impaired earning capacity as he had to take time off work in an amount to be determined but not to exceed $20,000.00. Plaintiff reserves the right to amend the amount of damages to conform to the evidence presented at trial.

10.

Plaintiff also suffered non-economic damages for pain, suffering, inconvenience, frustration, anxiety, depression, residual pain, and discomfort, and for the interruption of her daily activities in the amount of, but not to exceed the sum of $310,000.00. Plaintiff reserves the right to amend these damages to conform to the evidence at trial.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

11.

Plaintiff hereby requests a jury trial

WHEREFORE, Plaintiff prays for judgement against Defendant as follows:

(a) For economic damages in an amount not to exceed $20,000.00;

(b) For wage loss and impaired earning capacity in an amount not to exceed $20,000.00;

(c) For non-economic damages in an amount which the jury determines to be reasonable but not to exceed $310,000.00; and

(d) For such other and further relief as the Court determines to be just and equitable.

DATED: June 26, 2025

    */s/ S. Matthew Lind*    .
**S. Matthew Lind, OSB No. 081403**
Lead Trial Attorney for Plaintiff
OlsenDaines PC
3995 Hagers Grove Road SE
Salem, OR  97317
mlind@olsendaines.com
Phone: 503-540-6100
Fax:    503-362-1375

EXHIBIT B
Page 5 of 5